IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-280-JHP |
| | ) |
| JOHNSON & JOHNSON, INC. and, | ) |
| JANSSEN PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Remand (Doc. No. 18), Defendants' Response in Opposition (Doc. No. 19), and Plaintiff's Reply (Doc. No. 20). For the reasons detailed below, a decision on Plaintiffs' Motion for Remand is deferred pending jurisdictional discovery.

## BACKGROUND

Plaintiff The Cherokee Nation ("Plaintiff") originally filed this action in the District Court of Sequoyah County, Oklahoma, on April 8, 2015, Case No. CJ-15-54, asserting claims against Defendants Johnson & Johnson, Inc. ("J&J") and Janssen Pharmaceuticals, Inc. ("JPI") (together, "Defendants") (Doc. No 5-1). In its Petition, Plaintiff asserted the following claims arising from Defendants' alleged misbranding of Risperdal, an atypical antipsychotic drug: (1) Negligence; (2) Breach of Warranty; (3) Unjust Enrichment/Restitution; and (4) Violation of Oklahoma Consumer Protection Act, 15 O.S. 751 *et seq.*

On July 27, 2015, Defendants removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446. (Doc. No. 5). Defendants assert this Court has jurisdiction over this action pursuant to both 28 U.S.C. §§ 1331 and 1332, because (1) Plaintiff's state-law claims necessarily raise disputed and substantial federal questions and (2) the actual party-in-interest is not The Cherokee Nation but the Cherokee

1

Nation Businesses and/or Cherokee Nation Healthcare Services, both of which are citizens of Oklahoma that generate diversity jurisdiction. (*Id.*). On August 17, 2015, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending this Court lacks subject matter jurisdiction over this action. (Doc. No. 18). Defendants oppose remand.

## DISCUSSION

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Generally, original jurisdiction is lacking unless "'a federal question is presented on the face of the plaintiff's properly pleaded complaint'" or there is diversity of citizenship. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §§ 1331 and 1332. A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014)). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). If the federal district court lacks jurisdiction over the removed case, it must remand the case to the state court. 28 U.S.C. § 1447(c). In this instance, Defendants contend jurisdiction lies in this Court pursuant to both the federal question and diversity statutes. Plaintiff argues jurisdiction is unavailable in this Court on either basis.

### I. Federal Question Jurisdiction

Defendants first contend this Court has "federal-question" jurisdiction over this action based on 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction

2

of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants argue this action is premised on Plaintiff's allegations that Defendants sold misbranded Risperdal in violation of federal law. Therefore, Defendants assert, this case turns on whether Defendants violated federal prescription drug labeling law, specifically, provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"). Plaintiff argues its claims sound only in state law and may be litigated without raising any federal issues.

A federal district court may have federal-question jurisdiction over a case involving only state-law claims when one or more of the claims necessarily raises a federal question that is "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Thus, even when a plaintiff's claims are founded in state law, "a plaintiff may not circumvent federal jurisdiction by omitting federal issues that are essential to his or her claim." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1234 (10th Cir. 2006). Where a plaintiff's ability to prevail on the case-in-chief rests on the resolution of federal law, it raises a "substantial" federal question. *Id.* at 1235.

Applying this standard, the Court is not persuaded that Plaintiff's state-law claims necessarily raise a substantial federal question. In its state-court Petition, Plaintiff repeatedly alleges Risperdal was "misbranded" (*see, e.g.*, Doc. No. 5-1, at ¶¶ 4, 17, 21, 25). However, Plaintiff does not allege that Risperdal was misbranded under federal law and does not even mention the FDCA in the Petition. Indeed, Plaintiff points out that the term "misbranded" could be replaced with "defective" or "misrepresented" and have the same effect on Plaintiff's state-law claims. (*See* Doc. No. 20, at 5).

Even if federal issues exist in this case, Defendants have not shown such issues must be resolved in order to resolve Plaintiff's claims. The "mere presence" of a federal issue in a state-law claim does not automatically confer federal-question jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A state court's decision pertaining to Defendants' alleged negligence does not necessarily draw into question the misbranding provisions of the FDCA. The United States Supreme Court in *Merrell Dow* reached the same conclusion, finding that causes of action for "misbranding" in violation of the FDCA do not arise under federal law and may be remanded to state court. 478 U.S. at 814. In reaching its conclusion, the *Merrill Dow* Court noted that the FDCA does not create or imply a private right of action, which the Court found to indicate a "congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.*

The important point is that these possible federal issues arising under the FDCA are not *necessarily* raised by Plaintiff's claims. Indeed, in enacting the FDCA and subsequent amendments, Congress "evidently determined that widely available state rights of action provided appropriate relief for . . . consumers" injured by mislabeled drugs. *Wyeth v. Levine*, 555 U.S. 555, 574 (2009). As a result, federal-question jurisdiction does not lie.

This case is distinguishable from both *Grable* and *Nicodemus*, on which Defendants rely in support of their assertion of federal-question jurisdiction. In both cases, resolution of a federal claim was required as a first step in resolving the plaintiffs' claims. In *Grable*, a federal tax issue was necessarily raised in resolving the plaintiff's quiet title action, because state law required the plaintiff to specify the facts establishing its superior title, and the *only* basis for the plaintiff to claim a superior title was that the IRS failed to give adequate notice under federal law. 545 U.S.

4

at 314-15. In *Nicodemus*, the construction of federal land-grant statutes was necessary to a determination of whether the defendant's right-of-way over the plaintiff's land exceeded the scope of the defendant's rights under the federal land-grant statutes. 440 F.3d at 1234-35. By contrast, Defendants in this case have failed to demonstrate that the state court would need to resolve substantial federal questions in order to allow a conclusion that Defendants committed one of the alleged state-law violations—negligence, breach of warranty, unjust enrichment, or unfair or deceptive conduct under Oklahoma consumer protection law. The FDCA is not, as Defendants contend, the sole source of authority governing whether the Risperdal at issue was misbranded. This case fails to fall within the "special and small category of cases" covered by the "substantial question" branch of federal-question jurisdiction as discussed in *Grable*. *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)) (quotation marks omitted). Federal law may possibly, but is not necessarily implicated in this case and does not confer jurisdiction on this Court.[1]

## II. Diversity Jurisdiction

Defendants also argue this Court has original jurisdiction over this action based on 28 U.S.C. § 1332, which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." There is no dispute that the amount in controversy exceeds $75,000. However, Plaintiff challenges the existence of complete diversity, contending The Cherokee Nation is a sovereign nation that has no

---

[1] Because it is not necessary to its conclusion on this issue, the Court declines to address the import of JPI's federal criminal resolution pertaining to misbranded Risperdal. (*See* Doc. Nos. 18-1, 18-2).

5

"citizenship" for purposes of § 1332. It is undisputed that Defendant Johnson & Johnson is a citizen of New Jersey and Defendant JPI is a citizen of Pennsylvania and New Jersey.

The defendant seeking removal must establish the existence of diversity jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). In ruling on a motion to remand based on lack of diversity, a court should determine its jurisdiction over case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by the parties. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005); *see Cousina v. Mass. Mut. Life Ins. Co.*, 2012 WL 6726453, at *2 (N.D. Okla. Dec. 27, 2012). Further, a defendant who must rely on the federal discovery process to produce evidence that diversity jurisdiction is appropriate "may ask the court to wait to rule on the remand motion until limited discovery has been completed." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

The Tenth Circuit has held that "Indian tribes are not citizens of any state for purposes of diversity jurisdiction." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). For this reason, The Cherokee Nation, as an Indian tribe, cannot generate diversity jurisdiction.[2] Defendants submit, however, that The Cherokee Nation's citizenship is irrelevant, because it is not itself responsible for operating health care services for tribal members. Rather, Defendants argue, The Cherokee Nation incorporates separate entities to provide these services, which include the purchase of Risperdal. These corporate entities—Cherokee Nations Businesses and/or Cherokee Nation Healthcare Services—are allegedly the real party- or parties-in-interest. It is uncontested

---

[2] Defendants also argue that diversity exists because Plaintiff has admitted diversity jurisdiction in prior federal litigation, citing Plaintiff's allegations in *Cherokee Nation v. Nations Bank, N.A.*, No Civ. 99-308-S (E.D. Okla. June 24, 1999). However, given that the issue of diversity was not litigated in *Nations Bank*, the Court will not find Plaintiff is estopped from asserting lack of diversity in this matter.

that these entities are citizens of Oklahoma for purposes of diversity jurisdiction, being organized under Oklahoma law and having principal places of business in Oklahoma. (Doc. No. 5, at 8).[3]

When determining whether diversity jurisdiction exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). In deciding whether a party is only "nominal," "the focus of the inquiry [is] on whether the party has an actual interest in the substantive controversy." *Dennis v. Progressive N. Ins. Co.*, 2015 WL 1356922, at *2 (W.D. Okla. Mar. 24, 2015). "The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (citation and quotation marks omitted).

Defendants have submitted some publicly available evidence, including a Cherokee Nation Businesses brochure, which suggests Cherokee Nation Businesses is responsible for tribal health care services. (*See* Doc. No. 5, Ex. 9).[4] Plaintiff admits the Cherokee Nation Businesses and Cherokee Nation Healthcare Services are separate corporate entities but denies that these businesses purchased or distributed Risperdal. (*See* Doc. No. 18, at 6). Rather, Plaintiff asserts, "the purchase and distribution of Risperdal falls within the control of the constitutional government because it is the constitutional government, not any of its for-profit entities, that operates the healthcare system for the benefit of its citizens. (*Id.*). The parties' conflicting arguments and evidence on this issue make it unclear whether the constitutional entity is the party with the actual interest in the substantive controversy.

---

[3] A corporate entity is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).
[4] The Court may take judicial notice of such publicly available documents. *See Nichols v. Golden Rule Ins. Co.*, 2010 WL 1769742, at *4 (D. Colo. May 3, 2010).

The Court lacks sufficient information at this time to determine whether The Cherokee Nation is the real party-in-interest in this case, which is necessary to a determination of whether this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). If a separate corporate entity, rather than the constitutional entity, is indeed the real party-in-interest, then diversity jurisdiction would likely exist. Defendants have requested the opportunity to engage in limited jurisdictional discovery to answer this very question. The Court finds jurisdictional discovery on the diversity question is indeed appropriate.

Accordingly, Defendants may propound their proposed discovery on Plaintiff, which is attached as Exhibit 14 to Document 19 in this case. Defendants shall submit any supplement to its Notice of Removal by February 1, 2016. Plaintiff shall submit any response to Defendants' supplemental briefing by February 15, 2016. Any further proposed briefing requires leave of Court. The Court defers ruling on the issue of diversity jurisdiction until it has received the parties' supplements.

## III. Plaintiff's Request for Fees and Costs

Finally, Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied. The United States Supreme Court has stated that the standard for awarding attorney's fees "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Here, Defendants' request for removal was objectively reasonable, particularly with respect to the question of diversity. The issue of the real party-in-interest is close enough that the Court requires jurisdictional discovery to determine the proper outcome. Defendants also made a non-

frivolous argument regarding federal question jurisdiction. Even if this case is ultimately remanded to state court, the Court concludes Defendants had a legitimate basis for believing that federal jurisdiction is appropriate.

**CONCLUSION**

For the reasons stated above, a decision on Plaintiff's Motion for Remand (Doc. No. 18) is deferred pending jurisdictional discovery and review of any supplementation to the parties' briefs based on such discovery. Discovery as to jurisdictional issues alone shall proceed forthwith. Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

SO ORDERED this 14th day of December, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma