IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-280-JHP |
| | ) |
| JOHNSON & JOHNSON, INC. and, | ) |
| JANSSEN PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court for a second time is Plaintiff's Motion for Remand (Doc. No. 18). In an Opinion and Order dated December 14, 2015 (Doc. No. 22), the Court ordered jurisdictional discovery and supplemental briefing from the parties on the issue of diversity jurisdiction. The parties have since submitted supplemental briefs with exhibits (Doc. Nos. 24, 25, 28). For the reasons detailed below, Plaintiffs' Motion for Remand is **GRANTED**.

**BACKGROUND**

Plaintiff The Cherokee Nation ("Plaintiff") originally filed this action in the District Court of Sequoyah County, Oklahoma, on April 8, 2015, Case No. CJ-15-54, asserting claims against Defendants Johnson & Johnson, Inc. and Janssen Pharmaceuticals, Inc. (together, "Defendants") (Doc. No 5-1). In its Petition, Plaintiff asserted various state-law claims arising from Defendants' alleged misbranding of Risperdal, an atypical antipsychotic drug.

On July 27, 2015, Defendants removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446. (Doc. No. 5). Defendants asserted this Court has jurisdiction over this action pursuant to both 28 U.S.C. §§ 1331 and 1332, because (1) Plaintiff's state-law claims necessarily raise disputed and substantial federal questions and (2) the actual party-in-interest is not The Cherokee Nation but the Cherokee

1

Nation Businesses and/or Cherokee Nation Healthcare Services, both of which are citizens of Oklahoma that generate diversity jurisdiction. (*Id.*). On August 17, 2015, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending this Court lacks subject matter jurisdiction over this action. (Doc. No. 18). Defendants opposed remand. (Doc. No. 19).

On December 14, 2015, the Court determined that no federal-question jurisdiction existed over Plaintiff's state-law claims. (Doc. No. 22). The Court further found a factual question remained regarding whether Plaintiff was the real party-in-interest in this case, or whether a separate corporate entity was the party that purchased the Risperdal at issue. (*Id.*). To answer this question, the Court ordered limited jurisdictional discovery and supplemental briefing by the parties. Defendants filed a Supplemental Brief on Jurisdiction on February 1, 2016 (Doc. No. 24); Plaintiff filed a Response on February 15, 2016 (Doc. No. 25); and Defendants filed a Supplemental Reply Brief on March 4, 2016 (Doc. No. 28).

## DISCUSSION

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Generally, original jurisdiction is lacking unless "'a federal question is presented on the face of the plaintiff's properly pleaded complaint'" or there is diversity of citizenship. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §§ 1331 and 1332. A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against

removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). If the federal district court lacks jurisdiction over the removed case, it must remand the case to the state court. 28 U.S.C. § 1447(c).

Defendants argue this Court has original jurisdiction over this action based on 28 U.S.C. § 1332, which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." The defendant seeking removal must establish the existence of diversity jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). In ruling on a motion to remand based on lack of diversity, a court should determine its jurisdiction over the case based upon plaintiff's pleadings at time of removal, supplemented by any affidavits or deposition transcripts filed by the parties. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005); *see Cousina v. Mass. Mut. Life Ins. Co.*, 2012 WL 6726453, at *2 (N.D. Okla. Dec. 27, 2012).

Here, Plaintiff challenges the existence of complete diversity because The Cherokee Nation, as an Indian tribe, is a sovereign nation that has no "citizenship" for purposes of § 1332.[1] *See Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) ("Indian tribes are not citizens of any state for purposes of diversity jurisdiction."). However, Defendants argue Plaintiff is not itself responsible for operating healthcare services for tribal members. Rather, Plaintiff allegedly incorporates separate entities—Cherokee Nations Businesses and/or Cherokee Nation Healthcare Services—to provide these services, including the purchase of Risperdal. Defendants allege

---

[1] It is undisputed that the amount in controversy exceeds $75,000. It is also undisputed that Defendant Johnson & Johnson is a citizen of New Jersey and Defendant Janssen Pharmaceuticals is a citizen of Pennsylvania and New Jersey.

3

these corporate entities are the real party- or parties-in-interest, and they may generate diversity jurisdiction because they are citizens of Oklahoma.[2]

Plaintiff maintains The Cherokee Nation is the real party-in-interest and not merely a nominal party. As discussed in the December 14, 2015 Opinion and Order, a court must disregard nominal parties when determining whether diversity jurisdiction exists and "rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Accordingly, the appropriate question is "whether the party has an actual interest in the substantive controversy." *Dennis v. Progressive N. Ins. Co.*, 2015 WL 1356922, at *2 (W.D. Okla. Mar. 24, 2015). Here, the Court must inquire into which entity purchased the Risperdal at issue in this case.

In their supplemental brief on jurisdiction, Defendants assert Plaintiff provided limited information in jurisdictional discovery to show which entity directly purchased Risperdal for Cherokee Nation citizens. In support of its argument that a corporate entity purchased the drugs, Defendants primarily point to Plaintiff's admission that the funding sources for Risperdal purchases are "income accrued from for-profit corporations in which the Cherokee Nation is the sole or majority shareholder and the Indian Health Service" ("IHS"). (*See* Doc. No. 24-1 (Plaintiff's Answer to Interrogatory No. 2), at 1-2). In response, Plaintiff argues The Cherokee Nation ultimately provided the money used to buy Risperdal, even if some of those funds were obtained from the LLCs. The Court does not find Plaintiff's admission to be conclusive of which entity purchased the Risperdal.

With respect to the role of the LLCs, the evidence indicates Cherokee Nation Businesses is involved generally in promoting health services for the Cherokee Nation. (*See* Doc. No, 24-9

---

[2] It is undisputed the corporate entities are organized under Oklahoma law and have principal places of business in Oklahoma. (Doc. No. 5, at 8) A corporate entity is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

(First Amended and Restated Operating Agreement of Cherokee Nation Businesses, L.L.C.), at 2, Art. 1 ¶ 4(b); Doc. No. 24-8 (Cherokee Nation Businesses brochure)). However, there is no evidence in the record to show that Cherokee Nation Businesses or Cherokee Nation Healthcare Services in fact purchased Risperdal for the Cherokee Nation. Also problematic, it appears that neither Cherokee Nation Businesses, LLC nor Cherokee Nation Healthcare Services, LLC existed during the relevant period of 2002-2003: Cherokee Nation Businesses' predecessor was formed in June 2004, and Cherokee Nation Healthcare Services was formed in June 2008. (*See* Doc. No. 24-1 (Plaintiff's Response to Interrogatories), at 5, Resp. No. 10. *Cf. id.* at 5, Resp. No. 11 (The Cherokee Nation "began purchasing Risperdal on January 11, 2002."); Doc. No. 5-1 (Petition), ¶ 4 ("The Cherokee Nation purchased misbranded Risperdal between March 3, 2002 and December 31, 2003.")). There is also some dispute concerning whether one of the LLCs could purchase Risperdal, because none of these entities possessed a pharmacy license. (*See* Doc. No. 24-3 (letter from Bruehl Law Firm), at 1).

At the same time, the evidence does not strongly show The Cherokee Nation directly purchased the Risperdal. Plaintiff asserts it "does not maintain records that have drug specific data." (Doc. No. 24-3 (Letter from Bruehl Law Firm), at 4). However, Plaintiff produced several documents from its own files as evidence, including (1) an undated spreadsheet listing risperidone and other medications (Doc. No. 24-12); (2) a cost comparison between olanzapine and risperidone, dated January 11, 2002 (Doc. No. 24-13); (3) a document dated September 25, 2003, showing $16,042 was spent on Risperdal (Doc. No. 24-14); (4) an undated spreadsheet showing $43,157 in expenses for Risperdal (Doc. No. 24-15); (5) a spreadsheet dated 12/22/2005 showing Risperdal purchases for account "Redbird Smith HLT CTR IHS" (Doc. No. 24-16); and (6) a "Descending Dollar Report" for "CHEROKEE NAT PRI HLTH IHS" showing purchase

5

history for risperidone for the period October 2004 to September 2005 (Doc. No. 24-17). None of these documents are conclusive of which entity purchased the Risperdal.

In addition, Plaintiff submits two affidavits in support of its argument that it is the real party-in-interest. The first is from Connie Davis, Executive Director of health services for the Cherokee Nation. (Doc. No. 25-1). Ms. Davis attests that "The Cherokee Nation purchased Risperdal to provide health care to its patients," and "Cherokee Nation Businesses, LLC and Cherokee Nation Healthcare Services, LLC did not purchase Risperdal on behalf of the Cherokee Nation health services." (*Id.*). The second is from Gregory Kilkenny, Executive General Manager of Cherokee Nation Healthcare Services, LLC. (Doc. No. 25-2). Mr. Kilkenny attests that "[t]o the best of my knowledge, information, and belief, Cherokee Nation Healthcare Services, LLC did not purchase the prescription medication Risperdal for the Cherokee Nation." (*Id.*). These affidavits are also not especially probative, as they appear to be self-serving and conclusory. *See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1095 n.2 (10th Cir. 2010).

Finally, the Court does not find entirely credible Plaintiff's assertion that that the Cherokee Nation Comprehensive Care Agency (the "Agency") purchased the Risperdal at issue in this case. Although Plaintiff asserts the Agency, through its Pharmacy and Therapeutics Committee, authorized the purchase of Risperdal beginning in 2002, the evidence shows the Agency was established only in 2004, outside the relevant purchase period. (*See* Doc. No. 24-10 (Act Establishing the Cherokee Nation Comprehensive Care Agency), at 1, Sec. 3 ("The Rules Committee passed this Act on January 29th, 2004.")). Although Defendants raised this issue in its supplemental brief, Plaintiff did not respond to it.

In sum, the evidence is inconclusive as to which entity purchased the Risperdal, but there is no proof that either of the LLCs directly purchased the Risperdal at issue. The Court concludes Defendants have not satisfied their burden to show by a preponderance of the evidence that a separate corporate entity, rather than The Cherokee Nation, is the real party-in-interest in this case. Plaintiff has submitted sufficient evidence to suggest the corporate entities were not responsible for purchasing the Risperdal at issue. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). As the real party-in-interest, The Cherokee Nation has no citizenship for diversity purposes and cannot generate diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

Plaintiff's second request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied for the same reasons explained in the Court's December 14, 2015 Opinion and Order. As discussed in that Opinion and Order, Defendants had a legitimate basis for believing that diversity jurisdiction was appropriate.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand (Doc. No. 18) is **GRANTED.** Plaintiff's second request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED** this 6th day of April, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma